UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

OMAR A. MERCER,

    Petitioner,

v.                                                        Case No. 4:19cv159-WS-HTC

MARK INCH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner Omar A. Mercer's motion to voluntarily dismiss his petition under 28 U.S.C. § 2254. ECF Doc. 15. Fourteen (14) days has passed and no objection has been filed by the State. *See* Local Rule 7.1. Upon review and consideration, the undersigned respectfully recommends that Petitioner's motion to voluntarily dismiss his petition be granted and that this action be dismissed without prejudice.

**I.**   **BACKGROUND**

Petitioner, Omar A. Mercer, proceeding *pro se*, filed a petition under 28 U.S.C. § 2254 by delivering it to prison mail officials on April 5, 2019. ECF Doc. 1. He raised one issue concerning whether trial counsel was ineffective for failing to raise Florida's Stand-Your-Ground Law at the outset of Mercer's prosecution. *Id.*

The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B), and the State was directed to file a response. ECF Doc. 5.

The State filed its response on December 5, 2019, arguing the petition was untimely, unexhausted and without merit. ECF Doc. 13. On December 10, 2019 in ECF Doc. 14, the Court gave Mercer until January 9, 2020 to file a reply. Mercer did not file a reply. Instead, he filed a motion to voluntarily dismiss his case without prejudice. In the motion, Mercer states, "[a]s cause for action, the Appellant seeks to cease litigating this matter." *Id.* at 1.

## II.   DISCUSSION

Rule 41(a)(2) of the Federal Rules of Civil Procedure provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Rule 12 of the Rules Governing Section 2254 Cases in the United States District Court provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *See Hilton v. Braunskill*, 481 U.S. 770, 776 & n.5 (1987) (indicating that the Federal Rules of Civil Procedure may be applied to habeas cases as long as they are not inconsistent with the Rules Governing Section 2254 Cases). Thus, as an initial matter, the undersigned finds that Rule 41(a)(2) also applies to habeas proceedings. *See e.g., Webb v. Jones,* No. 5:18-CV-176-MCR/MJF, 2019 WL

587920, at *2 (N.D. Fla. Jan. 10, 2019), *report and recommendation adopted,* No. 5:18CV176-MCR/MJF, 2019 WL 586750 (N.D. Fla. Feb. 13, 2019) (citing *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition)).

A district court also enjoys broad discretion "to allow a voluntary dismissal under Rule 41(a)(2)." *Arias v. Cameron,* 776 F.3d 1262, 1268 (11th Cir. 2015). "The purpose of Rule 41(a)(2) 'is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions.'" *Arias*, 776 F.3d at 1268-69 (quoting *McCants v. Ford Motor Co., Inc.*, 781 F.2d 855, 856 (11th Cir. 1986)). "Generally speaking, a motion for voluntary dismissal should be granted unless the defendant will suffer clear legal prejudice other than the mere prospect of a second lawsuit." *Arias*, 776 F.3d at 1268.

### III.  CONCLUSION

Here, the State will not suffer prejudice from the dismissal without prejudice other than the mere prospect of a second action, assuming such an action would also not be procedurally barred.  Additionally, as stated above, the State has not objected to Mercer's motion.

Accordingly, the undersigned respectfully RECOMMENDS that:

1. Petitioner's motion to dismiss his petition under 28 U.S.C. § 2254 (ECF Doc. 15) be GRANTED and this case be DISMISSED without prejudice.

2. The clerk of the court enter judgment accordingly and close this case.

At Pensacola, Florida, this 6th day of February, 2020.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 4:19cv159-WS-HTC